IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| STATE OF NEBRASKA ex rel, <br> AMY A. MILLER and <br> ACLU OF NEBRASKA FOUNDATION, <br><br> Relators, <br><br> vs. <br><br> SCOTT FRAKES, in his official capacity as <br> DIRECTOR OF THE NEBRASKA <br> DEPARTMENT OF CORRECTIONAL <br> SERVICES, <br><br> Respondent. | Case No. CI 17-4283 <br><br><br><br> ORDER |

This matter came before the court on May 14, 2018, for trial on the relators' second amended complaint for writ of mandamus and respondent's answer and response to the court's order to show cause. Relator, Amy Miller, was present with Christopher Eickholt. Respondent Scott Frakes was present and represented by Assistant Attorneys General Ryan Post and Leslie Donley. Sworn testimony and Exhibits 1 through 10 were received. Following argument and the submission of briefs, the matter was taken under advisement. The court, now being fully informed, finds as follows:

Relators made a public records request to the Nebraska Department of Correctional Services on October 27, 2017, generally seeking documents relating to the Nebraska Department of Correctional Services' attempts to obtain pharmaceuticals and other substances for the purpose

of carrying out lethal injection executions. The request was limited to the time period of June 15, 2017 to October 27, 2017.

A number of responsive documents were provided pursuant to the request. Respondent also notified relators that certain documents would be withheld. Respondent provided a description of the contents of the withheld records and a statement of the specific reasons, including legal citations, relied upon as authority for the denial as required by statute.

Relators have brought this mandamus action seeking a writ requiring disclosure of the withheld documents.

Mandamus is a law action, and is an extraordinary remedy, not a writ of right. *State ex rel. Veskerna v. Steel*, 296 Neb. 581 (2017). A person denied access to a public record may file for speed relief by a writ of mandamus under Neb. Rev. Stat. § 84-712.03. *Id.*

A party seeking a writ of mandamus under Neb. Rev. Stat. § 84-712.03 has the burden to satisfy three elements: (1) The requesting party is a citizen of the state or other person interested in the examination of the public records, (2) the document sought is a public record as defined by Neb. Rev. Stat. § 84-712.01, and (3) the requesting party has been denied access to the public record as guaranteed by Neb. Rev. Stat. § 84-712 (Reissue 2014). *Id.* If the requesting party satisfies its prima facie claim for release of public records, the public body opposing disclosure must show by clear and convincing evidence that the document sought is exempt from disclosure. *Id.*

Neb. Rev. Stat. § 84-712.01 broadly defines public records. It reads in pertinent part:

> (1) Except when any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, . . . or any agency, branch, department, . . . of any of the foregoing.

Respondent asserts that the documents withheld in this case are not public records as defined by Neb. Rev. Stat. § 84-712.01. Respondent asserts that the photographs of packaging fall within the attorney work-product exemption set forth in Neb. Rev. Stat. § 84-712.05(4) (Cum. Supp. 2016) and that the photographs and other withheld documents are exempt from disclosure under Neb. Rev. Stat. § 83-967(2) because they contain the identity of a member of the execution team or information reasonably calculated to lead to the identity of a member or members of the execution team.

In reviewing the evidence presented, the court finds that the relators have met their burden that (1) The requesting party is a citizen of the state or other person interested in the examination of the public records, (2) the document sought is a public record as defined by Neb. Rev. Stat. § 84-712.01, and (3) the requesting party has been denied access to the public record as guaranteed by Neb. Rev. Stat. § 84-712 (Reissue 2014). The burden thus shifts to respondent to prove by clear and convincing evidence that the documents sought are exempt from disclosure.

This case is a case of statutory construction and the general rules of statutory construction apply. Additionally, Neb. Rev. Stat. § 84-712.01(3) gives the court guidance in how the public records laws are to be construed. This statute states:

> Sections 84-712 to 84-712.03 shall be liberally construed whenever any state, county, or political subdivision fiscal records, audit, warrant, voucher, invoice, purchase order, requisition, payroll, check, receipt, or other record of receipt, cash, or expenditure involving public funds is involved in order that the citizens of this state shall have the full right to know of and have full access to information on the public finances of the government and the public bodies and entities created to serve them.

As indicated above, respondent argues that Neb. Rev. Stat. § 83-967(2) exempts all the documents withheld from disclosure because it provides, "The identity of all members of the

execution team, and any information reasonably calculated to lead to the identity of such members, shall be confidential and exempt from disclosure pursuant to sections 84-712 to 84-712.09..."

Therefore, the question for the court is, does Neb. Rev. Stat. § 83-967(2) constitute a statute that *expressly* provides that *particular information or records,* of the nature withheld in this case, shall not be made public.

There are generally two categories of records that have been withheld in this case, those that show the names of execution team members on their face, and those that don't. The records that don't show execution team members on their face contain information identifying the supplier of drugs to be used in the execution protocol which respondent argues is information that is reasonably calculated to lead to the identification of execution team members.

As to those documents that identify execution team members on their face, specifically, purchase orders and chemical analysis reports, the court finds they are exempt from disclosure under Neb. Rev. Stat. § 83-967(2).

As to those documents respondent argues are, or contain, information reasonably calculated to lead to the identity of [execution team] members, the court finds respondent has not met the burden to show by clear and convincing evidence that they are exempt. The evidence is speculative at best that disclosure of these documents would be reasonably calculated to lead to such identification. These documents include: documents and records showing communications with supplier(s), DEA records, invoices, inventory logs, and photographs of packaging.

Further, respondent argues that the photographs of packaging associated with the execution drugs are protected by the attorney work-product doctrine. The court finds that

respondent has not met the burden of proof to show that these photographs constitute attorney work product.

For the above and foregoing reasons, the court finds that the relators' request for a writ of mandamus as to documents and records showing communications with supplier(s), DEA records, invoices, inventory logs, and photographs of packaging should be, and hereby is, sustained. These documents are to be disclosed within seven (7) days of this order.

The court further finds that the relators' request for a writ of mandamus as to the purchase orders and chemical analysis reports withheld should be, and hereby is, overruled.

DATED this 18 day of June, 2018.

**BY THE COURT:**

**Jodi L. Nelson**
**District Judge**

cc    Christopher L. Eickholt, Attorney for Relators
spike@eickholtlaw.com

Assistant Attorney General Ryan S. Post, Attorney for Respondent
ryan.post@nebraska.gov

Assistant Attorney General Leslie S. Donley, Attorney for Respondent
leslie.donley@nebrska.gov