## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FRESENIUS KABI USA, LLC,** | **Case No. 4:18-cv-3109** |
| **Plaintiff,** | |
| **v.** | |
| **STATE OF NEBRASKA; THE NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES; and SCOTT FRAKES, in his official capacity as Director of the Nebraska Department of Correctional Services,** | **AFFIDAVIT OF SCOTT R. FRAKES** |
| **Defendants.** | |

State of Nebraska    )
                   ) ss
County of Lancaster   )

Scott R. Frakes, being first duly sworn under oath, deposes and states as follows:

1. This Affidavit is based upon my personal knowledge and upon review of relevant documents.

2. I am the Director of the Nebraska Department of Correctional Services, which position I have held since December, 2015.

3. The Execution Team and the Department is ready to carry out the execution of Carey Dean Moore on August 14, 2018, in accordance

with the attached Execution Warrant issued by the Nebraska Supreme Court on July 5, 2018.

4. Attached is the Nebraska Secretary of State's certified copy of 69 Neb. Admin. Code, ch. 11 (Execution Protocol for Department of Correctional Services, effective Jan. 31, 2017).

5. My determination of the substances and quantities to be used, as stated in the attached January 19, 2018, notice of substances that was delivered to Carey Dean Moore on that date, was based upon my reliance upon the expert opinions of qualified pharmacological and medical anesthesiology experts after also obtaining legal advice from Nebraska Assistant Attorneys General.

6. The Nebraska Department of Correctional Services has possession of the substances to be administered for execution by lethal injection, all of which have expiration dates as follows:

    a. Diazepam, expiration date of September 30, 2019;

    b. Fentanyl Citrate, expiration date of July 31, 2019;

    c. Cisatracurium Besylate, expiration date of October 31, 2018; and

    d. Potassium Chloride, expiration date of *August 31, 2018*.

7.  The substances were obtained from a licensed pharmacy in the United States, and have been chemically analyzed and verified as required by 69 Neb. Admin. Code, ch. 11, § 008.

8.  The Nebraska Department of Correctional Services did not obtain any of the substances in its possession by any fraud, deceit or misrepresentation by the Department or, to the best of the affiant's knowledge, by any fraud, deceit or misrepresentation by any official of the State of Nebraska.

9.  The Nebraska Department of Correctional Services did not engage in any measures to circumvent Fresenius Kabi's distribution control.

10. The Nebraska Department of Correctional Services does not and did not have any contract with Fresenius Kabi.

11. Contrary to the allegations in paragraph 28 of Plaintiff's Complaint, and other similar allegations in the Complaint, a temporary restraining order or injunction would harm and prevent the State of Nebraska from carrying out the Nebraska Supreme Court's execution warrant for Nebraska's final death penalty sentence of Carey Dean Moore because the substance Potassium Chloride will expire as of August 31, 2018, as stated in the attached affidavit that was submitted to the Nebraska Supreme Court.

12. Because neither I nor the Department have any other source or supplier for the drugs to be used in the lethal injection execution of Carey Dean Moore, a temporary restraining order or injunction would result in the inability of the State of Nebraska to carry out Nebraska's final death penalty sentence of Carey Dean Moore as ordered by the Nebraska Supreme Court on August 14, 2018, or any time in the future by Nebraska's only method of execution, which is lethal injection. A temporary restraining order or injunction would more than likely have the effect of changing Nebraska's final death sentence into a de facto sentence of life in prison for Carey Dean Moore due to the lack of drugs to carry out a constitutional lethal execution in compliance with Nebraska's death penalty lethal injection process and statutes.

13. Contrary to the allegations of paragraph 28 of Plaintiff's Complaint, the people of the State of Nebraska have already waited over 20 years to carry out the State of Nebraska's final death penalty sentence of Carey Dean Moore, who has raised no objections or impediments nor filed any pending court proceeding to stop, stay, or delay the Nebraska Supreme Court's current execution warrant.

14. Contrary to the allegations of paragraph 42 of Plaintiff's Complaint, the State of Nebraska does not have another equally or more feasible

and readily implemented method for the execution of Carey Dean Moore, as ordered by the Nebraska Supreme Court.   Plaintiff's Complaint also fails to identify any known and available alternative method of execution that complies with the Eighth Amendment of the United States Constitution.

15.   Lethal substances used in a lethal injection execution are difficult, if nearly impossible, to obtain. This problem is not limited solely to Nebraska, but exists in other death penalty states, which is my conclusion based upon my regular and consistent communication with prison directors in other states since the Nebraska citizens voted in November of 2016 to reject the Nebraska Legislature's attempt to repeal the death penalty and Nebraska's lethal injection method of execution.

16.   In search of substances to be administered for execution by lethal injection, I contacted at least forty (40) potential suppliers and six (6) states. Only the current supplier was willing to provide substances to be administered for execution by lethal injection.

17.   I have attempted to purchase additional substances to be administered for execution by lethal injection from the supplier who supplied the current substances. That supplier is unwilling to provide additional substances.

18.  I do not, at present nor at any time in the future, have an alternative supplier for any of the four substances to be administered for execution by lethal injection.

19.  The Execution Team has been appointed, satisfies the qualifications of 69 Neb. Admin. Code, ch. 11, § 004, and has trained as required by 69 Neb. Admin. Code, ch. 11, § 006.

20.  Disclosing the identity of the supplier or manufacturer of the substances will lead to the identity of members of the Execution Team. The identities of all members of the Execution Team are confidential under Neb. Rev. Stat. § 83-967.

21.  Revealing the identities of Execution Team members or any record that will lead to the identity of Execution Team members would also interfere with and additionally prevent the Department's ability to carry out lawful executions, result in potential harm, harassment or intimidation of Execution Team members, and impact public safety and institutional safety and security.

22.  The Nebraska Department of Correctional Services has not disclosed the identities of any supplier or manufacturer of the substances in its possession.

_____
Scott R. Frakes, Affiant

Subscribed in my presence and sworn to before me on August __9th__, 2018.


_____
Notary Public

GENERAL NOTARY - State of Nebraska
LEVI E. BENNETT
My Comm. Exp. April 17, 2019

IN THE SUPREME COURT OF THE STATE OF NEBRASKA

**FILED**

JUL 05 2018

NEBRASKA SUPREME COURT
COURT APPEALS

State of Nebraska,           )
                             )       Case No.   S-95-0485.
              Appellee,      )
                             )
        v.                   )       EXECUTION WARRANT
                             )
Carey Dean Moore,            )
                             )
              Appellant.     )

TO:  THE NEBRASKA DIRECTOR OF CORRECTIONAL SERVICES

THIS MATTER came on for consideration on the 27th day of June, 2018, for the fixing of a date of execution and issuance of a death warrant for appellant, Carey Dean Moore.

WHEREUPON, appellant was tried and convicted before the District Court for Douglas County, Nebraska, and sentenced to death for each of two convictions of first degree murder; appellant's sentences of death, upon resentencing by a three-judge panel of the District Court for Douglas County, were affirmed by this Court on September 27, 1996, following mandatory direct review as provided by Neb. Rev. Stat. § 29-2525 (see *State v. Moore*, 250 Neb. 805, *as modified by* 251 Neb. 162 (1996));

WHEREUPON, it appearing to the Court that no stay has issued by a court of the United States prohibiting the fixing of an execution date, nor is there pending any action in the courts of the State of Nebraska challenging appellant's conviction or sentence;

WHEREUPON, the Court finds that Tuesday, August 14, 2018, shall be set as the date of execution;

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Tuesday, August 14, 2018, is hereby fixed as the date to carry said sentence of death into execution.

000095367NSC

IT IS FURTHER ORDERED that Scott R. Frakes, Director of the Nebraska Department of Correctional Services, shall proceed on Tuesday, August 14, 2018, between the hours of 12:01 a.m. and 11:59 p.m., to carry said sentence of death into execution by administering to appellant, Carey Dean Moore, an intravenous injection of a substance or substances in a quantity sufficient to cause death, as provided by law.

IT IS FURTHER ORDERED that you, the Director of Correctional Services, shall make return of the manner of your execution of this warrant and your proceedings thereon to the Clerk of the District Court for Douglas County, Nebraska.

IT IS FURTHER ORDERED that the Clerk of the Nebraska Supreme Court shall forthwith prepare and certify under her hand and seal of this Court a full, true, and current copy of this Warrant, and cause the same to be delivered to the Director of Correctional Services.

DATED this 5th day of July, 2018.

BY THE COURT:

Chief Justice Michael G. Heavican

STATE OF NEBRASKA
NEBRASKA SUPREME COURT

I, Pamela J. Kraus, Deputy Clerk of the Nebraska Supreme
Court, hereby certify the above and foregoing two (2) pages to be
a full and true copy of the Execution Warrant of Carey Dean Moore,
filed by said Supreme Court in the above-entitled action on this
5th day of July, 2018.

IN WITNESS WHEREOF, I hereunto set my hand and affix the
official seal of the Supreme Court of the State of Nebraska this
5th day of July, 2018.



Pamela J. Kraus, Deputy Clerk
Nebraska Supreme Court

# STATE OF NEBRASKA

United States of America,          } ss.                    Secretary of State
State of Nebraska                  }                        State Capitol
                                                            Lincoln, Nebraska

### I, John A. Gale, Secretary of State of the State of Nebraska, do hereby certify that

*The attached is a true and correct current copy of TITLE 69-Nebraska Administrative Code-Chapter 11, Execution Protocol-as adopted by the Nebraska Department of Correctional Services and filed in the office of the Secretary of State. The attached regulations were approved and filed in the office of the Secretary of State on January 26, 2017 and became effective on January 31, 2017.*

*I further certify that there have been no amendments nor changes to the above mentioned Rules and Regulations since the above date and these regulations were in full force and effect through and including this current date of certification.*

*Finally, I hereby certify that said Rules and Regulations were signed and approved in the offices of the ATTORNEY GENERAL and the GOVERNOR of the State of Nebraska.*

In Testimony Whereof,



I have hereunto set my hand and affixed the Great Seal of the State of Nebraska on this date of

*March 22, 2018*

John A. Gale

Secretary of State

NEBRASKA ADMINISTRATIVE CODE

TITLE 69, NEBRASKA ADMINISTRATIVE CODE, CHAPTER 11

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES

EXECUTION PROTOCOL

APPROVED

JAN 2 6 2017

PETE RICKETTS
GOVERNOR

APPROVED
DOUGLAS J. PETERSON
ATTORNEY GENERAL

JAN 20 2017

BY _____
ASSISTANT ATTORNEY GENERAL

JAN 26 2017

**NEBRASKA ADMINISTRATIVE CODE**

**TITLE 69 DEPARTMENT OF CORRECTIONAL SERVICES**
**CHAPTER 11—EXECUTION PROTOCOL**

**NUMERICAL TABLE OF CONTENTS**

| SUBJECT | STATUTORY AUTHORITY | CODE SECTION |
|---|---|---|
| Authority | §§ 83-964 and 83-965 | 001 |
| Location | §§ 83-964 and 83-965 | 002 |
| Execution Team | §§ 83-964 and 83-965 | 003 |
| Execution Team Qualifications | §§ 83-964 and 83-965 | 004 |
| Execution Team Duties | §§ 83-964 and 83-965 | 005 |
| Execution Team Training | §§ 83-964 and 83-965 | 006 |
| Consciousness Checks | §§ 83-964 and 83-965 | 007 |
| Substance or Substances to be Employed in an Execution by Lethal Injection | §§ 83-964 and 83-965 | 008 |
| Documented Process for Obtaining the Necessary Substances | §§ 83-964 and 83-965 | 009 |
| Determination of Death | §§ 83-964 and 83-965 | 010 |

APPROVED

JAN 2 6 2017

PETE RICKETTS
GOVERNOR

JAN 2 6 2017

1

NEBRASKA ADMINISTRATIVE CODE

TITLE 69 DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

ALPHABETICAL TABLE OF CONTENTS

| SUBJECT | STATUTORY AUTHORITY | CODE SECTION |
|---|---|---|
| Authority | §§ 83-964 and 83-965 | 001 |
| Consciousness Checks | §§ 83-964 and 83-965 | 007 |
| Determination of Death | §§ 83-964 and 83-965 | 010 |
| Documented Process for Obtaining the Necessary Substances | §§ 83-964 and 83-965 | 009 |
| Execution Team | §§ 83-964 and 83-965 | 003 |
| Execution Team Duties | §§ 83-964 and 83-965 | 005 |
| Execution Team Qualifications | §§ 83-964 and 83-965 | 004 |
| Execution Team Training | §§ 83-964 and 83-965 | 006 |
| Location | §§ 83-964 and 83-965 | 002 |
| Substance or Substances to be Employed in an Execution by Lethal Injection | §§ 83-964 and 83-965 | 008 |

JAN 2 6 2017

**NEBRASKA ADMINISTRATIVE CODE**

**TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES**
**CHAPTER 11—EXECUTION PROTOCOL**

**001    Authority.**    When the Director of the State of Nebraska Department of Correctional Services (Director) receives an order of the Nebraska Supreme Court directing the enforcement of a sentence of death, that order will be carried out pursuant to Laws 2009, L.B. 36.  The Director has the authority to create and modify this protocol.

**002    Location.**    Executions will be performed in the execution chamber at the Nebraska State Penitentiary.

**003    Execution Team.**    The Director shall appoint and remove all members of the Execution Team at his or her discretion. The Execution Team may consist of the following:

    **003.01** The Director

    **003.02** The Warden of the Nebraska State Penitentiary (Warden)

    **003.03** The Public Information Officer

    **003.04** An Escort Team consisting of an Escort Team Leader and an Escort Team comprised of a sufficient number of individuals, as determined and selected by the Director, to provide security escort for the condemned prisoner.

    **003.05** An IV Team consisting of an IV Team Leader and at least one additional IV Team Member.

    **003.06** A pharmacist or pharmaceutical chemist.

3

JAN 2 6 2017

NEBRASKA ADMINISTRATIVE CODE

**TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES**
**CHAPTER 11—EXECUTION PROTOCOL**

**004    Execution Team Qualifications.**

**004.01** The Director, Warden and Public Information Officer are qualified by the responsibilities of the positions they hold within the Department and the completion of any specific training required by this protocol.

**004.02 Escort Team.**   The Escort Team shall be correctional employees with training or experience in escorting secured prisoners on behalf of the Department.

**004.03 IV Team.**        The IV Team Leader and IV Team Member(s) shall be individuals trained in venipuncture and catheter placement to maintain an open intravenous line; shall have completed training as an emergency medical technician and training in phlebotomy; shall have completed training to determine and reasonably verify whether a person is unconscious; shall have completed training to initiate the flow of saline solution by IV, the injection of substances into an IV line, and to select the equipment capable of accomplishing the requirements of this protocol.

**004.04 Pharmacist.**   Any pharmacist team member is qualified by an educational degree in pharmacy and professional training as a pharmacist.

**004.05 Pharmaceutical Chemist.**      Any pharmaceutical chemist team member is qualified by a Bachelor of Science degree in chemistry and specialty training or experience in drug compounding.

JAN 2 6 2017

NEBRASKA ADMINISTRATIVE CODE

TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

005     Execution Team Duties.

005.01 The Director (1) has the responsibility to obey orders of the Nebraska Supreme Court directing the enforcement of a sentence of death; (2) appoints and removes members of the Execution Team at his or her discretion; (3) supervises, directs and maintains a record of the qualifications and training of the Execution Team pursuant to this protocol; (4) shall be physically present at the execution; (5) shall direct the administration of all substances to the prisoner in accordance with this protocol; (6) shall procure the coroner or a health professional qualified to determine the death; (7) shall summon the county coroner to pronounce the death of the condemned inmate; and (8) shall certify the death of the condemned inmate to the appropriate court.

005.02 The Warden, under the supervision of the Director, shall (1) assure that court ordered executions in Nebraska are conducted pursuant to this protocol; and (2) be physically present at the execution.

005.03 The Public Information Officer, under the supervision of the Warden, shall (1) maintain a written record of activities related to this protocol beginning when the Escort Team delivers the condemned prisoner to the execution chamber; and (2) serve as the Director's communication liaison with representatives of the Nebraska Department of Justice.

005.04 The Escort Team shall (1) deliver the condemned inmate to the execution chamber; (2) place and secure the condemned inmate on the table in the execution chamber; (3) exit the execution chamber; and (4) remain outside the execution chamber to respond to any inmate control issues that may arise until dismissed by the Director.

5

JAN 2 6 2017

NEBRASKA ADMINISTRATIVE CODE

TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

005.05 The IV Team Leader shall (1) obtain and maintain appropriate materials and equipment to accomplish his or her responsibilities under this protocol; (2) at least 48 hours before the scheduled execution date examine the condemned inmate to determine appropriate locations for intravenous catheter placement and report the results of that examination to the Director; (3) if the Execution Team does not include a pharmacist or pharmaceutical chemist, deliver to the execution chamber the substance or substances and quantity determined by the Director under subsection 008 of this protocol for injection into the condemned inmate; (4) once the condemned inmate is secured by the Escort Team on the table in the execution chamber, establish a functioning intravenous line capable of administering the substance or substances into a vein of the condemned inmate; (5) establish a backup functioning intravenous line capable of administering the substance or substances into a vein of the condemned inmate; (6) test the viability of the intravenous sites with a low-pressure saline drip through intravenous tubing; (7) attach a heart monitor to the condemned inmate; (8) be prepared to correct any issues with respect to the intravenous line or condemned inmate's vascular system that might prevent or impede the injection of the lethal substances;  (9) at the order of the Director, administer to the condemned inmate through the established intravenous line the substance or substances and quantity determined by the Director under subsection 008 of this protocol; (10) throughout the procedure, monitor the condemned inmate's level of consciousness and heart monitor readings; (11) remain at his or her post until dismissed by the Director; (12) dispose of any substances or equipment employed in meeting the requirements of this protocol after the inmate has been pronounced dead.

005.06 The IV Team shall assist the IV Team Leader as directed and at least one IV Team member shall be prepared to assume the responsibilities of the IV Team Leader should the IV Team Leader become unable to perform his or her responsibilities.

JAN 2 5 2017

NEBRASKA ADMINISTRATIVE CODE

TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

005.07 If the Execution Team includes a pharmacist or pharmaceutical chemist, such person shall deliver to the execution chamber the substance or substances and quantity determined by the Director under subsection 008 of this protocol for injection into the condemned inmate.

006     Execution Team Training.

006.01 Training schedule.

006.01.01     When no execution date has been set by the Nebraska Supreme Court, the members of the Execution Team shall train at least once every six months at a time established by the Director. The Escort Team and the IV Team may train independently of the other members of the Execution Team.

006.01.02     When an execution date has been set by the Nebraska Supreme Court the Execution Team will train at least weekly at times established by the Director.

006.02 Training required.     In addition to the qualifications noted in this protocol, the Execution Team shall train as follows.

006.02.01 Execution Team as a Whole. When the training schedule requires weekly training, all members of the Execution Team shall participate in training as a unit, review this protocol, and engage in training activities so that all members will be adequately trained to carry out their individual responsibilities.

7

JAN 2 6 2017

NEBRASKA ADMINISTRATIVE CODE

TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

**006.03 Training documentation.**     All training of the members of the Execution Team will be documented noting the date and duration of the training, who supervised the training, and the activities undertaken.

007    Consciousness Checks.

**007.01** The first or only substance injected must be capable of rendering the convicted person unconscious.  The IV Team Leader shall make a determination sufficient to reasonably verify that the convicted person is unconscious before administering any second or additional substances.

008    Substance or substances to be employed in an execution by lethal injection.

**008.01** Executions shall be accomplished by the intravenous injection of a substance or substances in a quantity sufficient to cause death without the unnecessary and wanton infliction of pain.  The substance or substances shall be administered in compliance with this execution protocol.

**008.02** The Director shall determine which substance or substances and quantity are to be employed in an execution by lethal injection.  If more than one substance is to be employed in an execution by lethal injection, the first substance injected must be capable of rendering the convicted person unconscious.  The Director's determination of the substance or substances to be employed in an execution by lethal injection may be based on the availability of necessary substances provided that the substance or substances can be intravenously injected in a quantity sufficient to cause death without the unnecessary and wanton infliction of pain.  The Director shall notify the condemned inmate of the determination of the substance or substances, quantity and, if more than

8

JAN 2 5 2017

NEBRASKA ADMINISTRATIVE CODE

TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

one substance is to be employed in an execution by lethal injection, the order the substances will be administered, at least 60 days prior to the Nebraska Attorney General requesting an execution warrant from the Nebraska Supreme Court.

008.03 The substance or substances may be directly purchased or obtained through the Department Pharmacy or obtained through any other appropriate source, including pharmaceutical or chemical compounding.

008.04 The substances shall be clearly labeled and maintained by the Department in a clean, secure, and safe environment under controlled room temperature storage conditions.

008.05 A chemical analysis to verify the substance or substances to be employed in the execution by lethal injection shall be performed at least 60 days prior to the Nebraska Attorney General requesting an execution warrant from the Nebraska Supreme Court.

008.06 The inventory of substances will be reviewed every six months, and upon receipt of an execution order from the Nebraska Supreme Court.

008.07 Any expired substances will be removed from inventory.

009     Documented process for obtaining the necessary substances

009.01 Documentation shall include the Director's orders, directions, and all Department records for obtaining the necessary substances for execution.

9

JAN 2 6 2017

NEBRASKA ADMINISTRATIVE CODE

TITLE 69—DEPARTMENT OF CORRECTIONAL SERVICES
CHAPTER 11—EXECUTION PROTOCOL

009.02 Records of any order to obtain the necessary substances as well as the
acquisition and receipt of the substances shall be maintained by the Department.

010    Determination of death

010.01 The coroner or a health professional qualified to determine death shall be
designated by the Director to determine whether the inmate is deceased at the
conclusion of the execution process. If the coroner or designated health professional
determines that the condemned inmate is not dead, the Director shall order that the
intravenous injection of the substance or substances shall be repeated by the IV Team
Leader.

APPROVED

JAN 2 6 2017

PETE RICKETTS
GOVERNOR

DOUGLAS J. PETERSON
ATTORNEY GENERAL

JAN 2 0 2017

BY
ASSISTANT ATTORNEY GENERAL

JAN 2 6 2017

10

The Nebraska Department of Correctional Services
P.O. Box 94661
Lincoln, NE 68509

January 19, 2018

Carey D. Moore #32947
Tecumseh State Correctional Institution
P.O. Box 900
Tecumseh, NE 68450

Re: Notice of substances to be employed in an execution by lethal injection

Mr. Moore,

In accordance with Nebraska law, you are hereby notified that the director of the Nebraska Department of Correctional Services has determined that the following substances, quantity, and sequence will be administered for execution by lethal injection to carry out and enforce the final court judgments that have sentenced you to death:

1. **Diazepam:** An initial dose of 2 (two) milligrams of diazepam per kilogram of body weight, to be followed by additional identical doses of diazepam if unconsciousness is not achieved after each successive dose. A 50cc saline flush will be administered following each injection of diazepam.

2. **Fentanyl Citrate:** 25 (twenty-five) micrograms of fentanyl citrate per kilogram of body weight. A 50cc saline flush will be administered following the injection of fentanyl citrate.

3. **Cisatracurium Besylate:** 1.6 (one and six-tenths) milligrams of cisatracurium besylate per kilogram of body weight. A 50cc saline flush will be administered following the injection of cisatracurium besylate.

4. **Potassium Chloride:** 240 (two hundred forty) milliequivalents of potassium chloride. A 50cc saline flush will be administered following the injection of potassium chloride.

The Nebraska Supreme Court has not issued an execution warrant. Thus, no date has been set for carrying out your death sentences by lethal injection.

BY:

Scott R. Frakes, Director

Copy: Douglas J. Peterson, Attorney General

IN THE NEBRASKA SUPREME COURT

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | Case No. 95-485 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | AFFIDAVIT OF |
| | ) | SCOTT R. FRAKES |
| CAREY DEAN MOORE, | ) | |
| | ) | |
| Appellant. | ) | |

State of Nebraska    )
                     ) ss
County of Lancaster  )

Scott R. Frakes, being first duly sworn under oath, depose and state as follows:

1. This Affidavit is based upon my personal knowledge and upon review of relevant documents.

2. I am the Director of the Nebraska Department of Correctional Services, which position I have held since December, 2015.

3. The Execution Team and the Department will be ready and able to carry out the execution within 30 days of this Court's issuance of an execution warrant.

4. My determination of the substances and quantities to be used, as stated in the attached January 19, 2018, notice of substances that was delivered to Carey Dean Moore on that date, was based upon my reliance upon the

expert opinions of qualified pharmacological and medical anesthesiology experts after also obtaining legal advice from Nebraska Assistant Attorneys General.

5. The Nebraska Department of Correctional Services has possession of the substances to be administered for execution by lethal injection, all of which have expiration dates as follows:

    a. Diazepam, expiration date of September 1, 2019;

    b. Fentanyl Citrate, expiration date of August 31, 2019;

    c. Cisatracurium Besylate, expiration date of October 31, 2018; and

    d. Potassium Chloride, expiration date of *August 31, 2018*.

6. The substances were obtained from a licensed pharmacy in the United States, and have been chemically analyzed and verified as required by 69 Neb. Admin. Code, ch. 11, § 008.

7. The Execution Team has been appointed, satisfies the qualifications of 69 Neb. Admin. Code, ch. 11, § 004, and has trained as required by 69 Neb. Admin. Code, ch. 11, § 006.

Scott R. Frakes, Affiant

Subscribed in my presence and sworn to before me on May 24, 2018.

Notary Public

GENERAL NOTARY - State of Nebraska
BETTY JO WILLIAMS
My Comm. Exp. August 4, 2021

2