IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON McGEHEE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>　　　　Defendant. | Case No. 4:18-CV-03092<br><br>REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL |

## ARGUMENT IN REPLY

Defendant Nebraska Department of Correctional Services ("NDCS") submits this reply in support of its motion under Fed. R. Civ. P. 62 and Fed. R. App. P. 8(a)(1)(A) for a stay of the Court's Memorandum and Order of March 15, 2019, (Filing 36), and of further proceedings in this Court, pending appeal to the U.S. Court of Appeals to the Eighth Circuit.

As an initial matter, NDCS stands in full on the arguments in its principal brief. (Filing 38.) The Plaintiffs' opposition fails to overcome NDCS' showing that a stay is eminently warranted in these circumstances and, indeed, several of their arguments serve to confirm NDCS' position. Cognizant of the Court's time and NDCS' request that the underlying motion receive expedited treatment, NDCS will briefly offer two points in reply on the first and second *Dataphase* factors, respectively.[1]

---

[1] NDCS need not devote significant energy to the Plaintiffs' *Dataphase* part III argument that it is "baseless speculation" to anticipate Arkansas' appeal from a possible denial of its pending summary judgment assertion of Eleventh Amendment immunity. (Filing 39 at 9.) It is self-evidently likely that a State would exercise its right to appeal to vindicate its sovereign immunity following an unsuccessful summary judgment motion *with a trial date looming*. While it is not uncommon for immunity issues

1

*First*, NDCS has comfortably satisfied its threshold obligation to show that its appeal will present "questions so serious and difficult as to call for more deliberate investigation," which, to be clear, is what the law requires for a stay. *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 530 F.3d 724, 731 (8th Cir. 2008); *Dataphase Sys. Inc. v. C.L. Sys. Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (movants need only show a reasonable probability of success, that is, a fair chance of prevailing on the merits). NDCS' position is not that the relevant conclusion of *Missouri DNR*[2] is not presently the law of this circuit, but rather that intervening developments have rendered it unsettled. (*See* Filing 38 at 5-8; Filing 16 at 8-11 (discussing cases).)

The Plaintiffs bravely assert that the Eighth Circuit has "twice reaffirmed" *Missouri DNR*, but that notion is belied by the very citations the Plaintiffs provide to support it. (Filing 39 at 3-4 & n.1 (*citing In re: Missouri Dep't of Corr.*, 661 F. App'x 453, 456 (8th Cir. 2016), *reh'g granted and opinion vacated* (Sept. 13, 2016), *on reh'g sub nom. In re Missouri Dep't of Corr.*, 839 F.3d 732 (8th Cir. 2016), *cert. denied sub nom. Jordan v. Missouri Dep't of Corr.*, 137 S. Ct. 2180 (2017); *Webb v. City of Maplewood*, 889 F.3d 483, 488 (8th Cir. 2018)).) Simply put, "declining" to reach an issue—here, Eleventh Amendment immunity from third-party subpoenas—because a case can be disposed of on other grounds, or because a party failed to preserve it, is not

---

to be appealed at the pleadings stage, the fact that Arkansas did not do so earlier in this case bears little on the likelihood that it is far more likely to do so now, *if* its motion is overruled.

[2] "There is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *In re Mo. Dep't of Natural Res.*, 105 F.3d 434, 436 (8th Cir. 1997).

akin to a "reaffirmation" of a prior holding. *See id.* Given the vital importance of sovereign immunity, and the federalism-related implications of the extent to which a sovereign State may be hauled into federal court without consent, clarity is needed. And an appeal that calls on the Eighth Circuit to harmonize its precedents and provide such clarity is one that presents serious questions deserving of more deliberate investigation. NDCS has satisfied the first *Dataphase* factor.

*Second*, the Plaintiffs' argument that NDCS "cannot show it will suffer any injury <u>at all</u>" without a stay is unpersuasive because it fails to account for the foundational principles of law underlying this case. (*See* Filing 39 at 6 (emphasis original).) The Plaintiffs herald *Church of Scientology of California v. United States*, 506 U.S. 9 (1992), as "reject[ing] concerns of both mootness[3] and irreparable harm." (Filing 39 at 4.) Because the court could—following a finding that the tape recordings in that case should not have been produced to the IRS— still have provided "*some* form of meaningful [remedial] relief" by ordering the tapes returned and any copies destroyed, the *Church of Scientology* appeal was not moot. 506 U.S. at 12-13 (emphasis original). But this reasoning was for the limited purpose of determining the ongoing justiciability of the case. *Id.* at 13. Even in the portion of the opinion block-quoted by

---

[3] The first paragraph of part II of the Plaintiffs' brief mischaracterizes NDCS' argument to the extent it implies that NDCS made any concession regarding the justiciability—*i.e.*, mootness—of the forthcoming appeal in the event NDCS is unsuccessful in obtaining a stay. (*See* Filing 39 at 4 ("To support its irreparable harm argument, [NDCS] . . . suggests that its appeal may be moot absent a stay.").) To be sure, NDCS made no such concession, but rather anticipated that a mootness claim might be made in that scenario. Thus NDCS stated that a "likely" exception to mootness would apply, thereby preserving appellate jurisdiction. (*See* Filing 38 at 8.) In any event, it is clarifying to have the Plaintiffs' concession that NDCS' appeal will not be rendered moot without a stay.

3

the Plaintiffs, the Court made explicitly clear that it could never retroactively expunge the harm from an unlawful compelled production. *Id.* at 13 ("While a court may not be able to return the parties to the *status quo ante*—there is nothing a court can do to withdraw all knowledge or information that IRS agents may have acquired by examination of the tapes . . . ."). The lower court could prevent the government from doing anything further with the records, but was by then "too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes . . . ." *Id.*

This conceded irreparable harm is compounded here, where the party from whom compelled production is sought is not an ordinary private litigant but rather a sovereign State, with immunity expressly enshrined in the Constitution. The sovereign immunity under the Eleventh Amendment is not merely a defense to liability, but rather an immunity from suit altogether. *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). Viewed through that lens, if NDCS is ultimately successful in the Eighth Circuit—or, indeed, if any of the other States now advancing similar arguments reach the Supreme Court and are successful there—then the State of Nebraska has *already* suffered irreparable harm. The additional and more concrete harm of actual production, *see Church of Scientology*, *supra*, can be avoided—albeit possibly just temporarily—while the Eighth Circuit weighs NDCS' serious immunity arguments.

4

The Plaintiffs' entire argument on irreparable harm brushes these important constitutional principles aside, instead assuming that some partially "remedial" procedure would be sufficient to reverse the sovereign harm NDCS would suffer were it compelled to produce the records now but later prevailed. The cases they cite all involve private litigants lacking the immunity NDCS arguably enjoys. They would have the Court treat NDCS exactly the same, as though sovereign entities are "mere prefectures or corporations." *Alden v. Maine*, 527 U.S. 706, 758 (1999). Cognizant of the Court's disagreement with NDCS' legal position, the Plaintiffs' opposition to a stay disregards a State sovereignty principle which the Supreme Court has held "must" be respected. *See id.* Issuing a stay pending appeal would preserve the status quo and honor this constitutional imperative.

## CONCLUSION

For the foregoing reasons, the order of March 15, 2019, (Filing 36), and further proceedings in this Court should be stayed pending appeal.

Dated March 29, 2019.

Respectfully submitted,

**NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, Defendant.**

DOUGLAS J. PETERSON, NE #18146
Attorney General of Nebraska

*s/David A. Lopez*
DAVID A. LOPEZ, NE #24947
Deputy Solicitor General

RYAN S. POST, NE #24714

5

Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
dave.lopez@nebraska.gov
ryan.post@nebraska.gov

COUNSEL FOR NEBRASKA DEPART-
MENT OF CORRECTIONAL SERVICES

# CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2019, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, causing notice of such filing to be served upon all parties' counsel of record.

      *s/David A. Lopez*