# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON MCGEHEE, STACEY JOHNSON, BRUCE WARD, TERRICK NOONER, and DON DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>Defendant. | 4:18CV3092<br><br>PROTECTIVE ORDER |

This matter is before the Court on the parties' Stipulation and Joint Motion for Entry of Protective Order. ECF No. 46. The parties to the above-styled action, by and through their respective counsel, have agreed and stipulated to the entry of this Agreed Protective Order, subject to the approval of the Court. The Court concludes the Stipulation and Joint Motion should be granted and hereby approves of and enters this Agreed Protective Order. The parties and their counsel agree to comply with all the terms of this Agreed Protective Order as set forth below.

1) "This case," the "instant litigation," and similar terms, as used herein, refer to the above-captioned case as well as the underlying case in the Eastern District of Arkansas, styled *Jason McGehee, et al. v. Asa Hutchinson et al.*, Case No. 4:17-cv-00179 KGB.

2) This Agreed Protective Order between the Nebraska Department of Correctional Services and Plaintiffs covers the use and disclosure of Highly Confidential Material of any kind produced in connection with this case by the parties to the Arkansas

litigation and by other third parties.

3) All material produced by the Nebraska Department of Correctional Services is Highly Confidential Material and may not be disclosed to any persons or entities other than those specified in paragraph 8 of this Order and under the terms of this Order.

4) The provisions of this Order extend to all Highly Confidential Material regardless of the manner or form in which it is disclosed.

5) The designation of Highly Confidential Material for the purposes of this Agreed Protective Order shall be made by plainly marking the item, or where that is not possible, by marking a container or tag, with the legend "HIGHLY CONFIDENTIAL." Whenever any Highly Confidential Material is to be discussed or disclosed in a deposition, the Nebraska Department of Correctional Services may exclude from the room any person who is not entitled to receive such information.

6) The inadvertent failure to designate specific information or material as Highly Confidential Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such information or material.

7) Highly Confidential Material may be used solely in connection with the instant litigation. The identity, content, and/or any summary of Highly Confidential Material shall be maintained in strict confidence by the Plaintiffs. Highly Confidential Material may not be disclosed to any persons or entities other than those specified in paragraph 8.

8) The Plaintiffs may show or otherwise divulge Highly Confidential Material only to the following persons:

    a. Counsel of record in this case, provided that, prior to accessing any Highly Confidential Material, counsel shall complete Exhibit A and e-mail a

completed copy of Exhibit A to counsel for Nebraska Department of Correctional Services;

b. Up to ten (10) staff persons assisting counsel of record, including, but not limited to, secretaries, photocopying personnel, and legal assistants, provided that, prior to accessing any Highly Confidential Material, staff shall complete Exhibit A and e-mail a completed copy of Exhibit A to counsel for Nebraska Department of Correctional Services;

c. Parties' experts, including testifying experts where the information is relevant to their testimony, and investigators, provided that these individuals complete and file Exhibit A in the United States District Court for the District of Nebraska before having access to the Highly Confidential Material;

d. The Court and Court personnel, including court reporters and others involved in the recording of depositions, provided that anyone other than the United States District Court for the Eastern District of Arkansas, or that Court's personnel, complete and file a copy of Exhibit A in the United States District Court for the District of Nebraska;

e. Any other person who the Nebraska Department of Correctional Services agrees in writing, or who the Court directs, may have access to the Highly Confidential Material, provided that those persons complete and file a copy of Exhibit A in the United States District Court for the District of Nebraska.

9) It is the express intent of the Nebraska Department of Correctional Services and the Plaintiffs that no improper disclosure—whether inadvertent or otherwise—of Highly Confidential Material occur. Should any person purposely or inadvertently disclose

Highly Confidential Material outside of the terms of this protective order, counsel for the party responsible for the purposeful or inadvertent disclosure shall complete the following within 1 hour of knowledge: (1) notify the Nebraska Department of Correctional Services of the disclosure; (2) provide in the notification to the Nebraska Department of Correctional Services the identity and current contact information (including full name, address, telephone number(s) and email address) of all persons or entities who received the Highly Confidential Material; (3) advise all persons or entities who received the Highly Confidential Material that such information and its use are governed by this Agreed Protective Order; (4) take reasonable steps to ensure the return or permanent destruction of the Highly Confidential Material and all copies thereof; (5) inform counsel for the Nebraska Department of Correctional Services of the steps that have been taken to ensure the return or permanent destruction of the material; and (6) notify the United States District Court for the District of Nebraska of the disclosure of the Highly Confidential Material, the person or persons responsible for the disclosure, and the person or persons to whom the disclosure was made. Nothing in this paragraph shall prohibit the Nebraska Department of Correctional Services from taking any further action it deems necessary to protect the secrecy of the Highly Confidential Material or from seeking redress—including damages or sanctions—against the person or persons responsible for the disclosure thereof.

10) If any person receiving Highly Confidential Material covered by this Agreed Protective Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Highly Confidential Material discussed in this Order, the person receiving the subpoena or document demand

shall provide written notice to the Nebraska Department of Correctional Services and the United States District Court for the District of Nebraska as soon as practicable after receiving the subpoena or document demand. The person shall not produce the Highly Confidential Material absent further order of the United States District Court for the District of Nebraska.

11) Before a Receiving Party produces or otherwise reveals the identity, content, and/or summary of any Confidential Material pursuant to law or court order, the Receiving Party shall provide the Nebraska Department of Correctional Services with as much notice as possible so that the Nebraska Department of Correctional Services may seek further protection from, and an opportunity to be heard by, a court. In no event shall the Receiving Party produce, disclose, or otherwise reveal any Highly Confidential Material without first obtaining permission from the United States District Court for the District of Nebraska, and without first providing actual notice to the Nebraska Department of Correctional Services. In the event the Nebraska Department of Correctional Services seeks such protection, the Receiving Party shall not disclose, produce, or otherwise reveal the identity, content, and/or summary of any Highly Confidential Material unless and until further ordered by the United States District Court for the District of Nebraska.

12) In the event a party wishes to use any Highly Confidential Material, or any papers or other materials containing or making reference to the contents of such Highly Confidential Material, in any pleading or document filed with this Court in this litigation, such pleading or document and Highly Confidential Material shall be filed under seal, unless or until such time as the Court orders otherwise or denies permission to file under seal. The parties understand and agree that Plaintiffs and Defendants in the instant

5

litigation may use Highly Confidential Material in pre-trial briefing, at trial, in post-trial briefing, and in any appeal briefing. Any party seeking to use Highly Confidential Material or papers or other materials containing or making reference to the contents of such Highly Confidential Material in any other pleading filed with a Court must first provide written notice to the Nebraska Department of Correctional Services. Documents, pleadings, or other filings containing or referencing such Highly Confidential Material shall be filed under seal in accordance with this Court's usual procedures for filing redacted documents or documents under seal. To the extent that a filing contains information that is not Highly Confidential Material, such filing shall be filed publicly, and the Highly Confidential Material shall be redacted. These redacted items should plainly state, in bold type, on the first page of any document "Public Version; Redacted Copy." In addition, such items filed under seal shall plainly state, in bold type, on the first page of any bound or stapled document: "Confidential—Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains documents that are subject to a Protective Order by the parties to this Action. This envelope shall neither be opened nor the contents revealed except by order of the Court.

The parties shall also follow in an expeditious manner any additional procedures imposed by this Court as a prerequisite to filing any document under seal.

13) To the extent the Court orders, the parties may email sealed documents to the Court for filing if hand delivery cannot be accomplished on the day of filing. The parties shall follow whatever procedures the Court and/or the Clerk's Office set forth for email

filing.

14) Within sixty (60) days of the termination of the litigation and all appeals of the litigation, any Highly Confidential Material provided by the Nebraska Department of Correctional Services, as well as any copies, extracts and summaries thereof, shall be either: (1) returned to the Nebraska Department of Correctional Services or (2) permanently destroyed, in which case the Receiving Party must provide to the Nebraska Department of Correctional Services and the United States District Court for the District of Nebraska certification of this permanent destruction. Notwithstanding the foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that references Highly Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Order.

15) A party's compliance with the terms of this Agreed Protective Order shall not operate as an admission that any particular document or information is or is not: (a) highly confidential; (b) privileged; (c) relevant; (d) material to any matter at issue; (e) authentic; or (f) admissible in evidence at any trial or hearing.

The terms of this Agreed Protective Order shall survive and remain in full force and effect through the course of, and after the final termination of, the litigation. The United States District Court for the District of Nebraska shall retain subject matter jurisdiction to resolve any dispute concerning the use or disclosure of Highly Confidential Material that is disclosed hereunder as well as personal jurisdiction over all individuals who have signed a copy of Exhibit A.

Dated this 23rd day of April 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON MCGEHEE, STACEY JOHNSON, BRUCE WARD, TERRICK NOONER, and DON DAVIS,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,**<br><br>**Defendant.** | 4:18CV3092<br><br>**EXHIBIT A** |

The undersigned hereby acknowledges that s/he has read the Protective Order entered on April 23, 2019, in the above-captioned lawsuit, understands its terms, and agrees to be bound by each of those terms. Specifically, the undersigned agrees: (a) not to use or disclose any highly confidential documents or information made available to him/her other than in accordance with the terms of the Protective Order; and (b) to submit to the jurisdiction of the United States District Court for the District of Nebraska, in matters relating to the enforcement of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Dated: _____  Signature: _____

Printed Name: _____